UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARLOS ACEVEDO SOTO, ALFREDO SANCHEZ-TRUJILLO, BERNIE VELEZ, MARIO GALAN, and XAVIER M. OCASIO-ACEVEDO,**

    **Plaintiffs,**
v.                                                           **CASE NO.: 6:22-CV-338**

**GREENLEAF LANDSCAPE MAINTENANCE, INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, CARLOS ACEVEDO SOTO ("Plaintiff Soto"), ALFREDO SANCHEZ-TRUJILLO ("Plaintiff Sanchez-Trujillo"), BERNIE VELEZ ("Plaintiff Velez"), MARIO GALAN ("Plaintiff Galan"), and XAVIER M. OCASIO-ACEVEDO ("Plaintiff Ocasio-Acevedo"), by and through their undersigned counsel, hereby file suit against Defendant, GREENLEAF LANDSCAPE MAINTENANCE, INC., ("Greenleaf"), a Florida Corporation. In support thereof, Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. This is an action to recover unpaid minimum wages and unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, et seq., as amended ("FLSA").

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S. Code § 1331.

3.     Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida because the unlawful employment practices were committed in Orlando, Orange County, Florida, and because the Defendant operates and does business in Orlando, Orange County, Florida.

**STATEMENT OF THE PARTIES**

4.     Plaintiff Soto is an individual residing in Orlando, Orange County, Florida. At all times relevant to this action, Plaintiff Soto was an employee of the Defendant, as defined under 29 U.S.C. §203(e)(1) of the FLSA.

5.     Plaintiff Sanchez-Trujillo is an individual residing in Orlando, Orange County, Florida. At all times relevant to this action, Plaintiff Sanchez-Trujillo was an employee of the Defendant, as defined under 29 U.S.C. §203(e)(1) of the FLSA.

6.     Plaintiff Velez is an individual residing in Sanford, Seminole County, Florida. At all times relevant to this action, Plaintiff Velez was an employee of the Defendant, as defined under 29 U.S.C. §203(e)(1) of the FLSA.

7.     Plaintiff Galan is an individual residing in Casselberry, Seminole County, Florida. At all times relevant to this action, Plaintiff Galan was an employee of the Defendant, as defined under 29 U.S.C. §203(e)(1) of the FLSA.

8.     Plaintiff Ocasio-Acevedo is an individual residing in Orlando, Orange County, Florida. At all times relevant to this action, Plaintiff Ocasio-Acevedo was an employee of the Defendant, as defined under 29 U.S.C. §203(e)(1) of the FLSA.

9.     Defendant Greenleaf is a Florida profit corporation, with its principal place of business in Orlando, Orange County, Florida. At all times material to this action, Greenleaf

maintained its offices in Orlando, Orange County, Florida, and regularly transacted interstate business within Orange County, Florida.

10. At all times relevant to this action, Greenleaf was an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(s). At all material times, Greenleaf "engaged in interstate commerce" as defined under the FLSA and, upon information and belief, had annual sales of $500,000 or more.

11. Greenleaf is an employer within the meaning of 29 U.S.C. §203(d) of the FLSA.

12. Plaintiffs' damages exceed $75,000, exclusive of interest, attorneys' fees and costs.

**STATEMENT OF FACTS**

1. Defendant Greenleaf provides lawn and landscape construction and maintenance services. As such, it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

2. Plaintiff Soto began his employment with Greenleaf on or about October 12, 2020, working as a landscaper at an hourly rate of $16.00. Plaintiff Soto was an employee of the Defendant and not an independent contractor.

3. Plaintiff Sanchez-Trujillo began his employment with Greenleaf on or about October 12, 2020, working as a landscaper at an hourly rate of $16.00. Plaintiff Sanchez-Trujillo was an employee of the Defendant and not an independent contractor.

4. Plaintiff Velez began his employment with Greenleaf on or about March 2021 at an hourly rate that varied with time between $14.00 and $18.00 per hour. Eventually, Velez began working as a foreman at an hourly rate of $18.00 per hour. In his position as a foreman,

he provided information to the other employees on the work site. However, Plaintiff Velez did not have any supervisory duties. Plaintiff Velez was an employee of the Defendant and not an independent contractor.

5. Plaintiff Galan began his employment with Greenleaf on or about August 15, 2020 working as a driver and landscaper at an hourly rate of $16.00. Plaintiff Galan was an employee of the Defendant and not an independent contractor.

6. Plaintiff Ocasio-Acevedo began his employment with Greenleaf on or about October 15, 2020, working as a landscaper at an hourly rate of $15.00. Plaintiff Ocasio-Acevedo was an employee of the Defendant and not an independent contractor.

7. None of the Plaintiffs' primary duties included the management or supervision of any employees, nor did they perform any managerial tasks.

8. None of the Plaintiffs' primary duties included the performance of office or non-manual work directly related to the management or general business operations of Greenleaf and its customers.

9. None of the Plaintiffs' primary duties included the exercise of discretion and independent judgment with respect to matters of significance.

10. None of the Plaintiffs' primary duties required the use of advanced knowledge or the engagement in artistic or creative endeavors.  Nor did any of the Plaintiffs' positions require advanced knowledge in a field of science or learning, that must be customarily acquired by a prolonged course of specialized intellectual instruction.

11. All of the Plaintiffs were required to work more than ten (10) hours a day, at least five days a week. However, none of the Plaintiffs were paid for all of their overtime. Some weeks

they were paid for a portion of the hours they worked over forty (40) hours, and some weeks they were not paid for any overtime hours.

12. Each of the Plaintiffs was entitled, under the FLSA, to receive a rate of time and a half for all hours worked over forty (40) hours in a workweek.

13. None of the Plaintiffs were paid for all of their drive time to and from the job sites. Although one or more of the Plaintiffs questioned whether or not they were entitled to be paid for all of their drive time, their supervisors represented to them that they were not entitled to be paid for that time.

14. Plaintiff Galan complained to his supervisor about the Defendant's failure to pay him for all of his overtime. Plaintiff Galan's supervisor admitted that they were not being paid accurately, however, nothing was done to remedy the issue. Plaintiff Galan also complained about non-payment of overtime to the Defendant's owner. Still, no corrective action was taken.

15. Plaintiffs were forced to resign because of Defendant's refusal to pay them for all of the compensable time and overtime they were owed.

16. As a result of Defendant's actions, the Plaintiffs were required to engage the services of the undersigned counsel and are obligated to pay them a reasonable fee for their services.

17. Also, as a result of Defendant's violations of the FLSA, each of the Plaintiffs has suffered a loss of wages, liquidated damages, and costs associated with this action.

## COUNT I
## Unpaid Overtime in Violation of the FLSA

18. Plaintiffs incorporate by reference each of the allegations set forth in the foregoing paragraphs as if fully set out herein.

19. At all times material to this Complaint, each of the Plaintiffs were non-exempt employees within the meaning of the FLSA and the implementing rules and regulations of the FLSA.

20. None of the Plaintiffs have ever supervised employees with Greenleaf, nor exercised independent judgment or discretion on the job with Greenleaf.

21. All of the Plaintiffs routinely worked more than 10 hours a day and more than 40 hours a week. However, they were not paid overtime pay to which they were entitled. In some case, Plaintiffs were only paid for a portion of the overtime hours they worked, and, in some cases, they were not paid overtime at all. Additionally, Defendant failed to pay Plaintiffs for all of the hours they worked by failing to records hours worked on their time sheets. The time sheets of Defendant pertaining to each Plaintiff are inaccurate and underreport actual hours worked by a significant amount.

22. Furthermore, Greenleaf refused to pay Plaintiffs for the time spent driving to, from and between the job sites. As such, the Plaintiffs' work time, including overtime, was not accurately calculated, resulting in non-payment of compensable hours.

23. Greenleaf violated the FLSA by failing to pay the Plaintiffs at an hourly rate of not less than one and one-half times their respective regular rates of pay after they exceeded forty (40) hours of work in a workweek, including compensable time each Plaintiff spent driving to and from the job sites.

24. Greenleaf violated the FLSA by failing to pay the Plaintiffs for hours worked and shorting their pay by a significant amount by failing properly records hours worked and refusing to pay them at all for hours worked and reported on time sheets.

25. Based on the hourly rate of pay of $16.00, Plaintiffs Soto, Sanchez-Trujillo, and Galan were each entitled to receive a rate of $24.00 per hour for all hours worked over forty (40) in a workweek during their respective employment.

26. Based on the hourly rate of pay of $18.00, Plaintiff Velez was entitled to receive a rate of $27.00 per hour for all hours worked over forty (40) in a workweek during his employment.

27. Based on the hourly rate of pay of $15.00, Plaintiff Ocasio-Acevedo was entitled to receive a rate of $22.50 per hour for all hours worked over forty (40) in a workweek during his employment.

28. None of the exemptions set forth in the FLSA regarding the payment of overtime are applicable to any of the Plaintiffs.

29. As a direct and proximate result of the Defendant's failure to pay overtime compensation, failure to pay Plaintiffs for all hours worked and other violations of the FLSA described specifically herein each of the Plaintiffs has been damaged in the loss of wages due.

30. Also, as a result of Defendants' actions, the Plaintiffs were required to engage the services of the undersigned counsel and are each obligated to pay a reasonable fee for their services.

31. The Defendant's failure to pay overtime was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA. Consequently, the Plaintiffs are entitled to liquidated damages.

WHEREFORE, Plaintiffs respectfully pray for the entry of judgment against the Defendant for overtime compensation, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper, and equitable.

## COUNT II
### Unpaid Wage in Violation of the FLSA

32. Plaintiffs incorporate by reference each of the allegations set forth in the foregoing paragraphs as if fully set out herein.

33. Greenleaf was required under the FLSA to pay Plaintiffs at an hourly rate equal to the hourly rate at which they were employed for all compensable time they were employed below forty hours in each work week.

34. Specifically, Greenleaf was required to pay Plaintiffs Soto, Sanchez-Trujillo, and Galan at an hourly rate of pay of $16.00; Plaintiff Velez at an hourly rate of pay of approximately $18.00; and Plaintiff Ocasio-Acevedo at an hourly rate of pay of $15.00.

35. However, Greenleaf refused to pay Plaintiffs their agreed upon hourly rate for all hours worked, including, but in no way limited to, compensable time each Plaintiff spent driving to, from and between the job sites.

36. As a direct and proximate result of the Defendant's failure to pay Plaintiffs for all compensable time worked, each of the Plaintiffs has been damaged in the loss of wages due.

37. Also, as a result of Defendants' actions, the Plaintiffs were required to engage the services of the undersigned counsel and are each obligated to pay a reasonable fee for their services.

38. The Defendant's failure to pay Plaintiffs for all compensable time was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA. Consequently, the Plaintiffs are entitled to liquidated damages.

WHEREFORE, Plaintiffs respectfully pray for the entry of judgment against the Defendant for unpaid compensation, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper, and equitable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court award them each:

A. Unpaid overtime wages;

B. An additional equal amount equal to the unpaid overtime wages as liquidated damages;

C. Unpaid straight time and minimum wages;

D. Prejudgment interest in the event liquidated damages are not awarded;

E. A reasonable attorney's fee and costs; and,

F. Such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff demands a jury trial of all claims so triable.

Dated: February 11, 2022.

        Respectfully submitted,

        **BURRUEZO & BURRUEZO, PLLC**

        */s/ Deborah E. Frimmel, Esq.*
        **DEBORAH E. FRIMMEL, ESQ.**
        Florida Bar Number 93970
        deborah@burruezolaw.com
        911 Outer Road
        Orlando, Florida 32814
        Office: 407.754.2904
        Facsimile: 407.754.2905

        Attorney for Plaintiffs, CARLOS ACEVEDO SOTO, ALFREDO SANCHEZ-TRUJILLO, BERNIE VELEZ, MARIO GALAN, and XAVIER M. OCASIO-ACEVEDO